UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACHART,<br><br>        Plaintiff,<br><br>    v.<br><br>ARVIN COMMUNITY HEALTH CENTER; CLINICA SIERRA VISTA; and AURORA T. REIMER-COLE, P.A.<br><br>        Defendants. | CASE NO. 1:11-cv-00341-AWI-MJS<br><br>ORDER DISMISSING, WITH LEAVE TO AMEND, PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM WITHIN THE JURISDICTION OF THIS COURT<br><br>(ECF No. 1) |

## I.  **INTRODUCTION**

Plaintiff Keith Machart ("Plaintiff") proceeds in propria persona in this medical malpractice complaint against defendants Clinica Sierra Vista, Arvin Community Health Center, and Aurora T. Reimer-Cole, P.A. ("Defendants"). The claim arises from Defendants provision of allegedly inadequate medical care to Plaintiff.

Because Defendants are all federally funded health care facilities or employees thereof and acting within the scope of their employment at the time Plaintiff's claim arose, Plaintiff's claim is brought properly under the Federal Tort Claims Act (the "FTCA"). Under the FTCA, a Plaintiff must exhaust available administrative remedies before bringing an

action in federal court. Plaintiff has failed to timely exhaust his remedies under the FTCA. Accordingly, the Court lacks jurisdiction over, and must dismiss, this case.

## II.  **ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleges that he was a patient of defendant, Clinica Sierra Vista ("Clinica") beginning on June 1, 2007. (Compl. at 1, ECF No. 1.) He attended the clinic several times with symptoms including severely swollen lymph nodes, difficulty swallowing and occasional difficulty in breathing. (Id. at 1-2.)  Employees of Clinica failed to properly diagnose and treat this condition; he was told repeatedly that he had "a virus." (Id.) Despite his worsening condition, the Defendants failed to treat Plaintiff or arrange appropriate treatment for him. Although Plaintiff requested a referral to a specialist, employees of Clinica failed to arrange it. (Id.)

In May 2008, Plaintiff's wife arranged for him to see a specialist through their insurance company. (Id. at 2-3.) On June 18, 2008, the specialist performed a biopsy and diagnosed Plaintiff as suffering from stage 4A "Squamous Cell Carcinoma." (Id.) Plaintiff contends that the delay in treatment by Clinica was below the standard of care, caused him pain and suffering, "possibly permanent injury" and almost cost him his life (Id.)

## III.  **PROCEDURAL HISTORY**

On September 17, 2009, Plaintiff, acting in pro per, filed an action against Defendants in Kern County Superior Court.  Defendants removed the action to federal Court on October 26, 2010. See Machart v. Arvin Community Health Ctr., Case No. 1:10-cv-2020-LJO-DLB (E.D. Cal., Oct. 26. 2010). Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to file timely a proper administrative claim within two years of the claimed injury. However, the Court granted the motion on alternative grounds - that the administrative claim had yet to be denied or deemed to be denied. Machart v. Arvin Community Health Ctr., 2010 U.S. Dist. LEXIS 131680 (E.D. Cal., Dec. 10, 2010).

On February 14, 2011, Plaintiff received a notice from the Department of Health and Human Services denying the claim. (Compl. at 5.) The notice advised Plaintiff that the

1 claim was denied on two grounds: (1) that the evidence failed to establish that his alleged personal injuries were due to the negligent, wrongful acts of a federal employee acting within the scope of employment; and (2) that the claim was presented more than two years after the date of the injury and was untimely. (Id.) Plaintiff filed the present Complaint two weeks later on February 28, 2011.

## IV. **SCREENING REQUIREMENT**

The Court is required to screen all complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001). The Court must dismiss a complaint or portion thereof if the action has raised claims that are legally "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## V. **ANALYSIS**

### A. **Lack of Jurisdiction and Fed. R. Civ. P. 12(b)(1)**

The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. Tosco Corp. v. Communities for Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). Here, Plaintiff presents a claim under the FTCA.

The FTCA provides the exclusive remedy for "injury or loss of property, or personal

injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment..." 28 U.S.C. § 2679(b)(1). 42 U.S.C. § 233(a) provides that the FTCA is the exclusive remedy against the United States for personal injury arising from actions by members of the Public Health Service. The FTCA's coverage extends to employees of designated federally supported medical clinics. 42 U.S.C. § 233(g).

The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Ibrahim v. Department of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008). This exhaustion requirement is jurisdictional, and it must be strictly adhered to. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). The court is not allowed to proceed in the absence of a plaintiff's fulfillment of the FTCA's conditions merely because dismissal would visit a harsh result upon the plaintiff. Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

Moreover, the statute provides that a tort claim "shall be forever barred" unless it is presented "within two years after such claim accrues." 28 U.S.C. § 2401(b); Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008). "As a general rule, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (citation omitted). With regard to claims involving medical malpractice, "accrual does not occur until a plaintiff knows of both the existence of an injury and its cause." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-23 (1979). In Kubrick, the Supreme Court described the rationale behind the statute of limitations.

> A plaintiff . . . , armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

Kubrick, 444 U.S. at 123.

Plaintiff states in his Complaint that he discovered the underlying injury on June 18, 2008, when he was diagnosed with carcinoma. (Compl. at 3.) According to the letters

attached to Plaintiff's Complaint, the Department of Health and Human Services received his administrative tort claim on July 13, 2010. (Id. at 5, 10.) The claim was therefore filed several weeks after the two year statute of limitations elapsed. Plaintiff presents no information in the Complaint that the date he discovered the injury or the date he filed the claim are incorrect.

Plaintiff also cannot overcome the untimeliness of the claim based on tolling. The Ninth Circuit has long held that "the timing requirement contained in § 2401(b) is jurisdictional and is 'subject neither to estoppel principles nor to equitable considerations.'" Marley v. United States, 567 F.3d 1030, 1035 (9th Cir. 2009) (citing Berti v. V.A. Hospital, 860 F.2d 338, 340 (9th Cir. 1988)). Accordingly, a court cannot equitably extend the limitations period but must dismiss for lack of jurisdiction an FTCA suit that is untimely under 28 U.S.C. § 2401(b). Id. at 1038.

**VI.     ORDER**

Plaintiff' claim under the FTCA is untimely and must be dismissed for lack of jurisdiction. His action will be dismissed with leave to amend to enable him one more opportunity to attempt to explain why his claim should not be considered untimely.

Accordingly, it is HEREBY ORDERED that Plaintiff's Complaint is DISMISSED in its entirety without prejudice. Plaintiff will have thirty (30) days from the date of this Order to file an Amended Complaint. Failure to do so will result in dismissal of this action.

Plaintiff is hereby on notice that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed February 28, 2011, is DISMISSED for lack of jurisdiction;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Dated: January 23, 2012         /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE