# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACHART, | CASE NO. 1:11-cv-00341-AWI-MJS |
| Plaintiff, | FINDING AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM WITHIN THE JURISDICTION OF THIS COURT |
| v. | |
| ARVIN COMMUNITY HEALTH CENTER; CLINICA SIERRA VISTA; and AURORA T. REIMER-COLE, P.A. | (ECF No. 9) |
| Defendants. | |

**I.  INTRODUCTION**

Plaintiff Keith Machart ("Plaintiff"), proceeding in propria persona, filed his complaint against defendants Clinica Sierra Vista, Arvin Community Health Center, and Aurora T. Reimer-Cole, P.A. ("Defendants") asserting a medical malpractice claim. Because Defendants are all federally funded health care facilities or were in the employment thereof and acting within the scope of their employment at the time Plaintiff's claim arose, Plaintiff's claim is brought properly under the Federal Tort Claims Act (the "FTCA"). Under the FTCA, a Plaintiff must exhaust available administrative remedies before bringing an action in federal court. Because Plaintiff failed to timely exhaust his remedies under

the FTCA, the Court lacks jurisdiction and must dismiss the case.

**II.    PROCEDURAL HISTORY**

On September 17, 2009, Plaintiff, acting in pro per, filed an action against Defendants in Kern County Superior Court. Defendants removed the action to federal Court on October 26, 2010. See Machart v. Arvin Community Health Ctr., Case No. 1:10-cv-2020-LJO-DLB (E.D. Cal., Oct. 26. 2010). Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1), arguing a lack of subject matter jurisdiction because Plaintiff failed to file timely (within two years of his claimed injury) a proper administrative claim. The Court, granted the motion, but did so on alternative grounds - that the administrative claim had yet to be denied or deemed to be denied. Machart v. Arvin Community Health Ctr., 2010 U.S. Dist. LEXIS 131680 (E.D. Cal., Dec. 10, 2010).

On February 14, 2011, Plaintiff received a notice from the Department of Health and Human Services denying his claim. (Compl. at 5.) The notice advised Plaintiff that the claim had been denied on two grounds: (1) that the evidence failed to establish that his alleged personal injuries were due to the negligent, wrongful acts of a federal employee acting within the scope of employment; and (2) that the claim was presented more than two years after the date of the injury and is untimely. (Id.) Plaintiff filed the present Complaint two weeks later on February 28, 2011.

On January 23, 2012, the Court dismissed the Complaint, with leave to amend, for failure to properly exhaust administrative remedies. (ECF No. 7.) Plaintiff was ordered to file an amended complaint on or before February 22, 2012. Plaintiff failed to do so, and the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to comply with a court order. (ECF No. 8.) In response, Plaintiff filed a First Amended Complaint discussing the exhaustion issue, but not addressing and resolving the Court's concerns about his failure to exhaust administrative remedies. (ECF No. 9.)

In his First Amended Complaint, Plaintiff provides several explanations for failing to exhaust administrative remedies. He explains that the alleged medical negligence, mis-diagnosing his throat cancer as a virus, caused him extreme physical pain and suffering.

1  (Am. Compl. at 1-2.) He also alleges that since he did not know that the matter was to be
2  filed in federal court, he instead initiated his action in state court in September 2009. (Id.)
3  Due to his lack of legal knowledge, he sought assistance from several attorneys, but did
4  not realize until March 2010 that he had to file in federal court. (Id. at 2.)

**III.  ALLEGATIONS IN THE COMPLAINT**

Plaintiff, in his original complaint, alleges that he was a patient of defendant, Clinica Sierra Vista ("Clinica") beginning on June 1, 2007.[1]  (Compl. at 1, ECF No. 1.) He attended the clinic several times with symptoms including severely swollen lymph nodes, difficulty swallowing and occasional difficulty in breathing.  (Id. at 1-2.)  Employees of Clinica failed to properly diagnose and treat this condition, and he was told repeatedly that he had "a virus."  (Id.)  Despite his worsening condition, the Defendants failed to treat Plaintiff or arrange appropriate treatment for him. (Id.) Although Plaintiff requested a referral to a specialist, employees of Clinica failed to arrange for same.  (Id.)

In May 2008, Plaintiff's wife arranged for him to see a specialist through their insurance company. (Id. at 2-3.) On June 18, 2008, the specialist performed a biopsy and diagnosed Plaintiff as suffering from stage 4A "Squamous Cell Carcinoma." (Id.) Plaintiff contends that the delay in treatment by Clinica was below the standard of care, caused him pain and suffering and "possibly permanent injury" and almost cost him his life (Id.)

**IV.  SCREENING REQUIREMENT**

The Court is required to screen all complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001). The Court must dismiss a complaint or portion thereof if the action has raised claims that are legally "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff in his First Amended Complaint failed to address the underlying claims of his complaint and instead focused on reasons for his delay. Accordingly, the Court shall rely on the allegations of the original Complaint to describe the claims for which Plaintiff seeks relief.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## V. ANALYSIS

### A. Lack of Jurisdiction and Fed. R. Civ. P. 12(b)(1)

The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. Tosco Corp. v. Communities for Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). Here, Plaintiff presents a claim under the FTCA.

The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment..." 28 U.S.C. § 2679(b)(1). 42 U.S.C. § 233(a) provides that the FTCA is the exclusive remedy against the United States for personal injury arising from actions by members of the Public Health Service. The FTCA's coverage extends to employees of designated federally supported medical clinics. 42 U.S.C. § 233(g).

The FTCA bars claimants from seeking damages against the United States in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Ibrahim v. Department of Homeland Sec., 538 F.3d 1250, 1258 (9th Cir. 2008). This exhaustion requirement is jurisdictional, and it must be strictly adhered to. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). The court is not allowed to proceed in the absence of a plaintiff's fulfillment of the

FTCA's conditions merely because dismissal would visit a harsh result upon the plaintiff. Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

Moreover, the statute provides that a tort claim "shall be forever barred" unless it is presented "within two years after such claim accrues." 28 U.S.C. § 2401(b); Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008). "As a general rule, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (citation omitted). With regard to claims involving medical malpractice, "accrual does not occur until a plaintiff knows of both the existence of an injury and its cause." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-23 (1979). In Kubrick, the Supreme Court described the rationale behind the statute of limitations.

> A plaintiff . . . , armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

Kubrick, 444 U.S. at 123.

Plaintiff states in his original Complaint that he discovered the underlying injury on June 18, 2008, when he was diagnosed with carcinoma. (Compl. at 3.) According to the letters attached to Plaintiff's Complaint, the Department of Health and Human Services received his administrative tort claim on July 13, 2010. (Id. at 5, 10.) Thus, the claim was filed several weeks after the two year statute of limitations elapsed. Plaintiff presents no information to suggest that the date he discovered the injury or the date he filed the claim may be incorrect. Even his recently filed First Amended Complaint does not disavow the date of discovery.

Plaintiff cannot overcome the untimeliness of the claim based on tolling. The Ninth Circuit has long held that "the timing requirement contained in § 2401(b) is jurisdictional and is 'subject neither to estoppel principles nor to equitable considerations.'" Marley v. United States, 567 F.3d 1030, 1035 (9th Cir. 2009) (citing Berti v. V.A. Hospital, 860 F.2d 338, 340 (9th Cir. 1988)). Accordingly, a court cannot equitably extend the limitations period but must dismiss for lack of jurisdiction an FTCA suit that is untimely

under 28 U.S.C. § 2401(b). Id. at 1038.

Plaintiff was provided an opportunity to amend his Complaint to address the failure to exhaust administrative remedies under the FTCA. Although Plaintiff filed an amended complaint, it did not address, much less resolve, the deficiencies in the original complaint, and therefore it must be dismissed. Although Plaintiff explains why he was delayed in filing his administrative remedies, the Court is not allowed to create equitable exceptions to the timing requirement. As this deficiency cannot be overcome, the First Amended Complaint must be dismissed for lack of jurisdiction, as leave to amend would be wholly futile.

## VI. CONCLUSION AND RECOMMENDATION

Plaintiff' claim under the FTCA is untimely and must be dismissed for lack of jurisdiction.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be dismissed, with prejudice, for failure to state a claim for relief.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 4, 2013 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE